### John Webb v. Judge Trogdon.

1. VERDICTS—*When Justified by the Evidence.*—Where the verdict is justified by the evidence and there are no errors on the part of the court in the instructions or in the admission or rejection of testimony, it will not be disturbed.

Replevin.—Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

JAMES W. and EDWARD C. CRAIG, attorneys for appellant.

ECKHART & MOORE, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of replevin by appellee against appellant to recover possession of fifty-three bales of broom corn, tried by jury in the Circuit Court of Douglas County, where appellee recovered a verdict and judgment. To reverse that judgment appellant brings the case to this court by appeal and insists that the court refused to admit proper evidence; gave improper instructions at the instance of appellee; and that the verdict and judgment are contrary to the evidence.

The evidence shows that one Slaughter, as tenant of a farm of appellee under a written lease for a term of one year, commencing March 1, 1896, raised the broom corn in question upon that farm. The lease, among other things, stipulated that Slaughter should pay cash rent for a certain part of the farm; should plant, cultivate and harvest for appellee thirty-eight acres thereof in broom corn (all the crop on the thirty-eight acres to belong to appellee), and should grow such other crops upon the rest of the farm as Slaughter might determine. Slaughter planted, cultivated and harvested broom corn on the thirty-eight acres as specified in the lease, putting the crop in bales which in October, 1896, were placed in the east shed on the farm. He also, during the same month, baled and placed in the west shed on the farm, the fifty-three bales of broom corn which he had grown under the lease upon twenty-seven acres of the farm. The rent he was to pay for the farm, after excluding the thirty-eight and the twenty-seven acres, amounted to the sum of $106; that part of the farm being used for pasture and crops other than broom corn, appellee contends and introduced evidence tending to show that at the time

the fifty-three bales of broom corn were placed in the west shed, he had a settlement with Slaughter in which it was found that Slaughter owed him $106, for cash rent of the farm, and $220 for Indian corn and interest, to pay which amounts Slaughter sold and delivered to him the fifty-three bales of broom corn, and that he thereupon took possession thereof.

Appellant contends that Slaughter never sold or delivered the fifty-three bales of broom corn to appellee, but that Slaughter continued to own the same until appellee took possession thereof on December 14, 1896, under a chattel mortgage which Slaughter gave him June 25, 1896, to secure a note of $1,000, the mortgage being on "the undivided two-thirds of sixty acres of broom corn" on appellee's farm leased to Slaughter, and introduced evidence tending to deny that appellee and Slaughter had settled, and that the fifty-three bales of broom corn were sold and delivered to appellee.

Appellant took possession of the fifty-three bales of broom corn in the west shed on December 14, 1896, under the chattel mortgage aforesaid, after which appellee instituted this replevin suit to regain possession thereof. Slaughter abandoned the possession of the farm a day or two before December 14, 1898.

On the trial of the replevin suit, the court excluded the chattel mortgage from the evidence on the special objection of counsel for appellee (among others) that it was void for uncertainty in describing the broom corn in question, as the evidence showed that there were sixty-five acres of broom corn on appellee's farm leased to Slaughter when the mortgage was given, thirty-eight acres of which belonged exclusively to Slaughter, the latter being subject to appellee's lien for cash rent of the farm; to which appellant preserved an exception, and insists the court erred in so excluding the mortgage.

We think the court ruled correctly, for the reason that Slaughter owned no undivided two-thirds of any number of acres of broom corn on this farm; besides, there were

sixty-five acres of broom corn on the farm, thirty-eight acres belonging to appellee and twenty-seven acres to Slaughter, and there is nothing in the mortgage from which it can be ascertained to which sixty acres the chattel mortgage applied.

We have read all the evidence carefully and believe the jury were justified therefrom in finding that appellee purchased from Slaughter the broom corn in question, and took possession thereof at the time claimed by him, and was therefore entitled to the possession thereof when this replevin suit was instituted.

The instructions given by the court at the instance of appellee, when read as one charge, seems to us to be a fair application of the law to the facts and issues tried; and upon a fair consideration of all the evidence, the verdict seems to us to be right; therefore we affirm the judgment of the Circuit Court herein.    Judgment affirmed.